Nolan McCready, Bar No. 300684
nmccready@littler.com
Jae Wook Lee, Bar No. 333054
jelee@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone:   949.705.3000
Facsimile:   949.724.1201

Attorneys for Defendant
CRASH CHAMPIONS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL BENITEZ COLIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CRASH CHAMPIONS, LLC, an Illinois Limited Liability Company; JOHN PAUL CRONE, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:26-cv-247<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>San Bernardino County Superior Court<br>Complaint Filed: December 2, 2025 |

Table of Contents

I.    STATEMENT OF JURISDICTION. ........................................................7

II.   PROCEDURAL HISTORY.................................................................7

III.  TIMELINESS OF REMOVAL ...........................................................8

IV.   DIVERSITY JURISDICTION ............................................................8

      A.    Complete Diversity of Citizenship Exists. ...............................9

            a.  Plaintiff's Wage and Hour Claims......................................14

      B.    The Amount in Controversy Exceeds $75,000. ....................14

V.    VENUE AND NOTICE TO COURT AND PARTIES...................................15

VI.   CONCLUSION...........................................................................16

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*,
903 F.2d 1000 (4th Cir. 1990) ................................................................................11

*Burden v. Gen. Dynamics Corp.*,
60 F.3d 213 (5th Cir. 1995) ....................................................................................11

*Cosgrove v. Bartolotta*,
150 F.3d 729 (7th Cir. 1998) ..................................................................................10

*Davis v. Kiewit Pacific Co.*,
220 Cal.App.4th 358 (2013) ...................................................................................12

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ..................................................................................10

*Espinoza v. Hepta Run, Inc.*,
74 Cal.App.5th 44 (2022) ................................................................................12, 13

*Farias v. Bexar County Bd. of Tr. For Mental Health*,
925 F.2d 886 (5th Cir. 1991) ..................................................................................10

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ................................................................................15

*Gibson v. Chrysler Corp.*,
261 F. 3d 927 (9th Cir. 2001) .................................................................................15

*GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*,
357 F.3d 827 (8th Cir. 2004) ..................................................................................10

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010).................................................................................................10

*Johnson v. Columbia Properties Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) ..................................................................................10

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ....................................................................................9

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ...................................................................................9

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005) ...................................................................................14

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) ...................................................................................9

*Marroquin v. Wells Fargo, LLC*,
Civil No. 11cv163–L (BLM), 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) .........9

*McCabe v. General Foods Corp.*,
811 F2d 1336 (9th Cir. 1987) ...................................................................11, 12, 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)...................................................................................................8

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ...................................................................................14

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998) .................................................................................11

*Russo v. Fed. Med. Services, Inc.*,
744 F. Supp. 3d 914 (N.D. Cal. 2024)....................................................................12

*Sadeh v. Safeco Ins. Co.*,
No. CV12-03117...........................................................................................................9

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) ...................................................................................14

*Singer v. State Farm Mut. Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ...................................................................................14

*Smith v. Simmons*,
No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709 (E.D. Cal. Mar. 18, 2008) ...........................................................................................................................9

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994) ...................................................................................9

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
300 F.3d 1129 (9th Cir. 2002) .................................................................................9

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Usher v. White*,
 64 Cal.App.5th 883 (Cal. Ct. App. 2021)......................................................12, 13

*V & M Star, LP v. Centimark Corp.*,
 596 F.3d 354 (6th Cir. 2010) ...........................................................................10

**Statutes**

28 U.S.C. § 84(c) ...............................................................................................15

28 U.S.C. § 84(c)(1)...........................................................................................15

28 U.S.C. §1332 ..................................................................................................7

28 U.S.C. § 1332(a) .............................................................................................8

28 U.S.C. § 1332(a)(1).........................................................................................7

28 U.S.C. § 1332(c)(1).......................................................................................10

28 U.S.C. § 1441 .......................................................................................7, 8, 15

28 U.S.C. § 1441(a) ...........................................................................................15

28 U.S.C. § 1441(b) .............................................................................................7

28 U.S.C. § 1441(b)(1)........................................................................................14

28 U.S.C. § 1446......................................................................................7, 8, 15

28 U.S.C. § 1446(a) ...........................................................................................15

28 U.S.C. § 1446(b) .............................................................................................8

28 U.S.C. § 1446(c) .............................................................................................8

28 U.S.C. § 1446(d) .............................................................................................8

Civil Code § 3294(b)....................................................................................12, 13

Labor Code § 201-03 ...........................................................................................8

Labor Code § 226..................................................................................................8

Labor Code § 226.7...........................................................................................7, 8

Labor Code § 510..................................................................................................8

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Labor Code §512 ..................................................................................................7

Labor Code § 558.1 .....................................................................................11, 12, 13

Lab. Code § 558.1(b) ...........................................................................................12, 13

Labor Code § 1102.5 ...........................................................................................7

Labor Code § 1194 ...............................................................................................8

Labor Code § 6310 ...............................................................................................7

Labor Code § 6311 ...............................................................................................7

**Other Authorities**

Fed. R. Civ. P. 6(a)(1)(C) ...................................................................................8

Fed. R. Civ. P. 6(a)(6)(A) ...................................................................................8

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CRASH CHAMPIONS, LLC ("Defendant" or "Crash Champions") removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State California for the County of San Bernardino. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendant alleges:

**I.      STATEMENT OF JURISDICTION.**

1.      The Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). This case may be removed under 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

**II.     PROCEDURAL HISTORY.**

2.      On December 2, 2025, Plaintiff Fidel Benitez Colin filed his Complaint, entitled: *Fidel Benitez Colin, v. Crash Champions, LLC, and Illinois Limited Liability Company; John Paul Crone, an individual; and Does 1 to 25*, *inclusive*, Case No. CIVSB2535344 ("State Court Action"), in the Superior Court of the State of California, County of San Bernardino.

3.      The Complaint asserts the following fifteen causes of action in her Complaint: (1) Discrimination in Violation of the Fair Housing and Employment Act ("FEHA"); (2) Retaliation in Violation of the FEHA; (3) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (4) Failure to Provide Reasonable Accommodations in Violation of FEHA; (5) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (6) Whistleblower Retaliation in Violation of Labor Code § 1102.5; (7) Whistleblower Retaliation in Violation of Labor Code § 6310; (8) Whistleblower Retaliation in Violation of Labor Code § 6311; (9) Failure to Provide Meal Periods in Violation of Labor Code §§

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

226.7, 512; (10) Failure to Provide Rest Breaks in Violation of Labor Code § 226.7; (11) Failure to Pay All Wages in Violation of Labor Code §§ 201-02, 1194; (12) Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194; (13) Failure to Provide Accurate Itemized Wage and Hour Statements in Violation of Labor Code § 226; (14) Waiting Time Penalties in Violation of Labor Code §§ 201-203; and (15) Wrongful Termination in Violation of Public Policy.

4.     On December 19, 2025, Plaintiff served Defendant with the Summons, Complaint, Civil Cover Sheet, and Notice of Case Management Conference. (Declaration of Jae Wook Lee ["Lee Decl."] ¶ 2, Exh. A).

5.     Pursuant to 28 U.S.C. § 1446(d), the documents attached to the Lee Decl. constitute all process, pleadings, and orders filed in the State Court Action. (*Id*. ¶ 3.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id*. ¶ 4.)

## III.   TIMELINESS OF REMOVAL

6.     This Notice of Removal is timely as it was filed within thirty days of the date of service[1], and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b), (c). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

## IV.   DIVERSITY JURISDICTION

7.     This Court has original jurisdiction of the State Court Action based on diversity of citizenship of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1441 and 1446, the State Court Action may be removed to this Court because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

---

[1] The Complaint was served on December 19, 2025. Thirty days after is Sunday, January 18, 2026. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), the date extends to Tuesday, January 20, 2026, because the last day is a Sunday and Monday January 19, 2026, is Martin Luther King Jr.'s Birthday, which is a legal holiday. *See* Fed. R. Civ. P. 6(a)(6)(A).

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

## A.    Complete Diversity of Citizenship Exists.

8.    <u>Plaintiff is a Citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9.    Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile); *Sadeh v. Safeco Ins. Co.*, No. CV12-03117 SJO(PLAx), 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (residence is *prima facie* evidence of one's domicile); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (a person's residence is *prima facie* his domicile).

10.    Plaintiff has alleged that he "was and is a resident of the County of San Bernardino, State of California…" (Complaint ["Compl."] ¶ 1). Furthermore, Plaintiff represented to Defendant that he lived in California during his employment with Crash Champions. (Declaration of Katharine Funkhouser ("Funkhouser Decl.") ¶ 8). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

11.    <u>Defendant Crash Champions Is Not a Citizen of California</u>. Defendant Crash Champions, LLC is a limited liability company. Courts treat limited liability companies as the same as partnerships for diversity jurisdiction purposes, and therefore look to the

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). If any member of an LLC is itself a partnership or association (or another LLC), the court must know the citizenship of each "submember" as well. *V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 356 (6th Cir. 2010).

12.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which is typically a corporation's headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13.    Crash Champions, LLC's sole member is Prestige Too Holdings, Inc. (incorporated in the State of Delaware with its principal place of business in Illinois). *See* Funkhouser Decl. ¶ 4. Therefore, for purposes of diversity jurisdiction, Crash Champions, LLC is a citizen of **Illinois** and **Delaware**.

14.    <u>Individual Defendant John Paul Crone Is Fraudulently Joined and His Citizenship Must Be Disregarded as a Sham Defendant</u>. The individual defendant, John Paul Crone ("Crone") is not a proper party to this lawsuit and for purposes of evaluating diversity between the parties his citizenship must be disregarded. Although Plaintiff alleges Crone is a resident of California, simply naming him as an individual defendant cannot defeat diversity. Crash Champions is informed and believes that Crone has not been served in this lawsuit. (Lee Decl., ¶ 6.) *See Destfino v. Reiswig,* 630 F.3d 952, 955 (9th Cir. 2011) (stating co-defendants no properly served need not join in the notice of removal).

15.    Specifically, a non-diverse party named in the state court action should be disregarded if the federal court determines that party's joinder is "fraudulent," or a "sham," such that no viable cause of action has been stated against that party. *Farias v. Bexar*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*County Bd. of Tr. For Mental Health*, 925 F.2d 886, 871 (5th Cir. 1991). Joinder is fraudulent "if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations, quotations, and alterations omitted); *see also McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987).  In determining whether a party is "fraudulently" joined, courts may consider the allegations of the complaint and facts presented by the defendant in its notice of removal.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendant, then that defendant has been fraudulently joined and must be ignored for purposes of assessing diversity jurisdiction.  *See, e.g., id*. at 1318-19; *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995).

### a.    Plaintiff's Wage and Hour Claims.

### B.    The Amount in Controversy Exceeds $75,000.

16.    Plaintiff alleges the following six causes of action in his Complaint against Crone (and against Crash Champions) pursuant to the Labor Code: Failure to Provide Meal Periods, Failure to Provide and Permit Rest Periods, Failure to Pay Wages, Failure to Pay Overtime Wages, Failure to Provide Accurate Wage Statements, and Waiting Time Penalties. Compl. ¶¶ 108-163.

17.    Plaintiff's wage-and-hour claims do not state a viable cause of action under California law against Crone, as courts have repeatedly held that individual employees, including corporate officers, are not personally liable for such statutory violations unless expressly authorized by statute. Under Labor Code § 558.1, "a natural person who is an owner, director, officer, or managing agent of the employer" may be personally liable if that person, acting behalf of the employer, violates, or causes to be violated "any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802[.]"

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

18. Courts have held that individual liability under Labor Code § 558.1 extends only to causes of actions or claims for violations of the provisions expressly identified in the statute, and to those that are "incorporated into the provisions referenced therein." *See Russo v. Fed. Med. Services, Inc.*, 744 F. Supp. 3d 914, 921 (N.D. Cal. 2024). Here, each of Plaintiff's wage-and-hour causes of action alleged in the Complaint is either expressly referenced in Labor Code § 558.1 or incorporated by reference, as they rely upon or are predicated on violations of the provisions expressly referenced therein. *Id.*

19. To impose personal liability under Labor Code § 558.1, the individual must have had some oversight of the company's operations or influence on corporate policy that resulted in Labor Code violations. *See Espinoza v. Hepta Run, Inc.*, 74 Cal.App.5th 44, 59 (2022); *see also Usher v. White*, 64 Cal.App.5th 883, 896–97 (Cal. Ct. App. 2021) (holding that individual liability under § 558.1 requires either personal involvement in the violation or sufficient participation in employer activities to have caused the violation).

20. Similarly, to impose individual liability on a "managing agent" – which carries the same definition under Civil Code § 3294(b) – the agent must "exercise substantial discretionary authority over decisions that ultimately determine corporate policy." *See* Labor Code § 558.1(b); *Davis v. Kiewit Pacific Co.*, 220 Cal.App.4th 358, 366 (2013) (citing *White v. Ultramar, Inc.*, 21 Cal.4th 563, 573 (1999)). The Court in *White* explained that the Legislature intended the term managing agent to include only those corporate employees "who exercise substantial independent authority and judgment over decisions that ultimately determine corporate policy." *White*, 21Cal.4th at 566-67.

21. Plaintiff has not identified any statutory provision or pled non-conclusory factual allegations supporting individual liability against Crone. As a result, each of Plaintiff's wage-and-hour claims asserted against Crone are legally insufficient and should be disregarded for purposes of assessing removal jurisdiction. *See McCabe*, 811 F.2d at 1339 (a defendant may be ignored for removal purposes if the complaint fails to state a cause of action against that party).

22. Plaintiff's Complaint contains no allegations that Crone had personal

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

involvement in the alleged Labor Code violations. *See generally*, Compl. For example, Plaintiff does not allege that Crone was responsible for granting meal and rest breaks, for providing wage statements, or for determining Plaintiff's pay. *Id.*

23. Likewise, Plaintiff does not allege – nor could he – that Crone was an owner, director, or officer of Crash Champions. *See* Cal. Lab. Code § 558.1(b) (limiting liability to individuals in specified leadership roles). *See* Compl. ¶ 3 (alleging that Crone is "a regional manager").

24. In fact, Plaintiff's Complaint contains no factual allegations about Crone in connection to Plaintiff's pay, meal, or rest breaks, except for the conclusory allegation that "upon information and belief" his supervisor, Nunez, manipulated timecards "at Crone's direction and/or with his acquiescence." Compl. ¶ 28. At most, Plaintiff alleges that Crone had knowledge of wage discrepancies, but "[m]ere knowledge of a wage and hour violation is not enough to establish liability under section 558.1." *Usher*, 64 Cal.App.5th at 897.

25. Plaintiff alleges, in a conclusory and limited fashion, that Plaintiff "is informed and believes" that Crone "was a managing agent of Company." Compl. ¶ 111. However, Plaintiff alleges no non-conclusory facts indicating that Crone exercised oversight over company operations or had influence over corporate policy, let alone sufficient control over wage-and-hour polices allegedly causing the Labor Code violations, as he must. *See* Civil Code § 3294(b); *Espinoza*, 74 Cal.App.5th at 59; *Usher*, 64 Cal.App.5th at 896–97.

26. Crone is a Regional Manager for Crash Champions. Funkhouser Decl., ¶ 10. Regional Managers do not have the authority to create, oversee, or influence corporate policy, including any policies related to the alleged wage-and-hour violations. *Id*.

27. Accordingly, all wage-and-hour claims asserted against Crone are legally deficient and cannot defeat removal jurisdiction. As such, Crone should be disregarded for purposes of assessing diversity jurisdiction. *See McCabe*, 811 F.2d at 1339.

28. <u>The Citizenship of the "Doe" Defendants Must Be Disregarded For Diversity Purposes</u>. For purposes of removal, the citizenship of any Doe Defendants is disregarded

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

13

and only the citizenship of named Defendants is considered. 28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). To Defendant's knowledge, none of the Doe Defendants in this case have been identified or served, (Lee Decl. ¶ 5), and, thus, Doe Defendants designated 1 to 25 are fictitious and not parties to this action.

29.    As a result, there is complete diversity of citizenship because Plaintiff and Defendant are citizens of different states: Plaintiff is a citizen of California while Defendant is a citizen of Illinois and Delaware.

## C.    The Amount in Controversy Exceeds $75,000.

30.    To satisfy the amount in controversy requirement, the removing party must demonstrate by a preponderance of the evidence (i.e., that it is more likely than not) that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

31.    Where a complaint in good faith alleges damages exceeding the jurisdictional threshold, that amount controls unless it appears to a legal certainty that recovery will fall short. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). A removing party's burden to establish the amount in controversy exceeds the jurisdictional threshold is satisfied where, as here, Plaintiff's own pleading contains express allegations seeking damages well in excess of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at 402.

32.    Although Defendant denies that Plaintiff has suffered any damages, Plaintiff contends that he has suffered the whole range of damages available under the fifteen causes of action he has asserted and has specifically alleged in his Prayer for Relief that his damages are "believed to be in excess of $3,000,000.00" for mental pain, anguish, and emotional distress damages alone. Prayer For Relief, ¶ 2.

33.    While Defendant denies Plaintiff has incurred these damages, Plaintiff's claim for emotional distress damages is properly considered in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005).

14

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

34. Accordingly, although Defendant contends that Plaintiff's claims have no merit, Plaintiff's damages assessment, based on his own allegations, demonstrates that the amount in controversy for Plaintiff's claims significantly exceeds the jurisdictional threshold under 28 U.S.C. § 1332.

35. Plaintiff also seeks lost wages, earnings, and employee benefits, punitive damages where available, statutory penalties, unpaid wages and premium pay, and attorney fees, each of which would increase the amount in controversy. Compl., Prayer for Relief, ¶¶ 1-8; *see, e.g.*, *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945-46 (9th Cir. 2001) (punitive damages considered in amount in controversy calculation); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Therefore, even if Plaintiff had not alleged specific monetary values in his Prayer for Relief, taken as a whole, the damages he seeks, including lost/unpaid wages, emotional distress, punitive damages, and attorneys' fees, would satisfy the jurisdictional minimum.

36. Thus, this Court has original jurisdiction over Plaintiff's claims in this action based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and this matter is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## V.    VENUE AND NOTICE TO COURT AND PARTIES.

37. Venue lies in the Central District of California under 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court for the State of California, County of San Bernardino. Thus, pursuant to 28 U.S.C. § 84(c)(1), the appropriate assignment of the State Court Action is to this Court.

38. Contemporaneously with the filing of this Notice of Removal, written notice of such filing will be given by the undersigned to counsel for Plaintiff. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Bernardino.

///

15

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## VI.    CONCLUSION

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino, to this Court.

Dated:  January 20, 2026

LITTLER MENDELSON, P.C.

*/s/Jae Wook Lee*
Nolan McCready
Jae Wook Lee

Attorneys for Defendant
CRASH CHAMPIONS, LLC

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is 18565 Jamboree Road, Suite 800, Irvine, California 92612.

On January 20, 2026, I served the within document(s):

### NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

On the interested parties addressed as follows:

| | |
|---|---|
| Marcelo A. Dieguez | Attorney for Plaintiff |
| Yameen Salahuddin | FIDEL BENITEZ COLIN |
| DiEFER LAW GROUP, P.C. | |
| 34204 Pacific Coast Highway | Email:     litigation@dieferlaw.com |
| Dana Point, CA 92629 | |
| Telephone:  951.779.9609 | |
| Facsimile:   949.691.3235 | |

As follows:

☒ **BY MAIL (FRCP 5(b)(1)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 18565 Jamboree Road, Suite 800, Irvine, California 92612., in the ordinary course of business.

☒ **BY ELECTRONIC MAIL WHERE INDICATED:** Pursuant to FRCP 5(b)(2)(E), I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is lmishler@littler.com

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

☐     **BY NOTICE OF ELECTRONIC FILING**, which is a notice automatically generated by the CM/EF system at the time the document listed above was filed with this Court, to lead counsel listed by CM/ECF as "ATTORNEY TO BE NOTICED."

I hereby certify that I am employed in the Office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on January 20, 2026, at Irvine, California.

_____
Louise Mishler

4902-1759-3479.3 / 109995.1164

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT